UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHONG L. LEE,

    Plaintiff,

v.                                        Case No. 20-CV-1637

KEVIN A. CARR,

    Defendant.

---

## SCREENING ORDER

---

Plaintiff Chong L. Lee, an inmate confined at the Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights. This order resolves Lee's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Lee's motion to proceed without prepaying the filing fee and to screen the complaint in light of Lee's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Lee was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the

court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 29, 2020, the court ordered Lee to pay an initial partial filing fee of $34.93. (ECF No. 5.) Lee paid that fee on November 9, 2020. The court will grant his motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain

2

enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Lee's Allegations*

Lee alleges that, on July 1, 2016, Wisconsin enacted Act 355, pursuant to which the Department of Corrections began to deduct 50 percent of inmates' funds to pay restitution. Lee asserts that his judgment of conviction ordered that only 25 percent of his account funds, not including his wages, were to be applied to restitution. He asserts that the Department of Corrections is ignoring the judge's order and stealing from him. Lee states that he has filed many inmate grievances about this issue. He was told that the statute supersedes the judge's order.

3

*2.3 Analysis*

The Court of Appeals for the Seventh Circuit recently decided a case with similar allegations. In *Olson v. Schwochert*, 783 F. A'ppx 614, 616 (7th Cir. 2019), the plaintiff, "a Wisconsin prisoner who owe[d] money to the state and federal governments," sued an administrator for the Wisconsin Department of Corrections "because he did not like the way his debts [were] being paid out of his prison trust account." Like Lee, the plaintiff argued that deductions from his trust account, which were being made pursuant to state policy, were inconsistent with a court restitution order.

The Seventh Circuit explained that the plaintiff failed to state a claim upon which relief may be granted. First, nothing suggested that the administrator sued by the plaintiff "was personally involved in taking his money or enforcing state policy." *Olson*, 783 F. App'x at 617. As such, the administrator could not be sued "either in his individual capacity for damages or in his official capacity for prospective relief…." *Id.* Next, even if the plaintiff had sued the right defendant, he would not state a claim because "the Due Process Clause did not entitle [the plaintiff] to individual notice and a hearing before the enactment of a generally applicable regulation." *Id.* (citations omitted). And even if the "policy were invalid under Wisconsin law…, the Due Process Clause does not provide a remedy for violations of state law. *Id.* (citations omitted).

Lee fails to state a claim for the same reasons. He sues Kevin Carr, Secretary for the Wisconsin Department of Corrections. Carr is not the right defendant, as he was not personally involved in taking Lee's money or enforcing state policy against

Lee. But even if Lee had named the correct defendant, his complaint would not state a claim upon which relief may be granted because the policy increasing deductions from prisoners' accounts from 25 percent to 50 percent was generally applicable to all inmates, not just Lee. As a result, he was not entitled to protections afforded by the Due Process Clause, such as notice or a hearing. Finally, even if the state policy is invalid, the Due Process Clause does not provide a remedy for violations of state law. Accordingly, Lee fails to state a claim upon which relief may be granted.

Finally, the court notes that a couple of weeks ago Lee moved to amend his complaint to add several defendants who he asserts he complained to about the deductions but who allegedly did nothing to address his concerns. Because Lee fails to state a claim in connection with the increased deductions, he also fails to state a claim against those people who failed to address his complaints about the increased deductions. The court will deny his motion to amend his complaint because allowing him to do so would be futile.

3. Conclusion

**THEREFORE, IT IS ORDERED** that Lee's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lee's motion to amend/correct the complaint (ECF No. 8) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Lee has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Lee shall collect from his institution trust account the $315.07 balance of the filing fee by collecting monthly payments from Lee's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Lee is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Lee is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 1st day of February, 2021.

**BY THE COURT:**

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge